IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)<br>CYCRUS KENYON TUCKER       )<br>_____ ) | CR No.: 3:09-502-JFA<br><br>MEMORANDUM<br>OPINION & ORDER |

This matter is before the court upon the defendant's *pro se* motion for compassionate release (ECF No. 1645) pursuant to the First Step Act[1] and 18 U.S.C. § 3582(c)(1)(A). The defendant's sole reason for moving for compassionate release is on the grounds that his mother is terminally ill. Sadly, the defendant's mother was laid to rest on January 17, 2021. For the reasons which follow, the defendant's motion is respectfully denied.

## I.   STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

---

[1] Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

1

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals were to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), provides:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

Before the passage of the First Step Act, the United States Sentencing Commission permitted a sentence to be modified due to the defendant's medical condition, age, or family circumstances and further defined the limits under which a sentence reduction may be given under those justifications. *See* U.S.S.G. § 1B1.13, n. 1 (A)–(C). The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of "extraordinary and compelling reasons" other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. at n. 1 (D).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is as of now no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)," and as a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at

3

230); *see also*, *Kibble*, 992 F.3d at 331.

Nevertheless, § 1B1.13 provides a framework when evaluating a defendant's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3582(c)(1)(A).

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have fully exhausted all of the administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days with no answer from the Warden after a request by the defendant, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[2] The government acknowledges that the defendant has exhausted his remedies.

---

[2] The defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this court. *See Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); *United States v. Williams*, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

As it appears to this court that the defendant has fully exhausted his administrative remedies, the court will proceed to review the matter on the merits. Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Extraordinary and Compelling Reasons*

As an initial matter, this court notes that on June 22, 2020, it granted in part the defendant's motion for relief pursuant to § 404(b) of the First Step Act and reduced the defendant's sentence to 176 months.

The defendant submits that due to the terminally ill health status of his mother, he should be released from his incarceration. Sadly, the defendant's mother passed away shortly after the defendant's motion was filed.

This court agrees with the government that the defendant has failed to establish an extraordinary and compelling reason for a reduction or release on a family situation basis.

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(1)(A). As the court finds no extraordinary and compelling reason, it is not necessary for the court to address the § 3553(a) factors.

Accordingly, the defendant's motion (ECF No. 1645) is respectfully denied.

IT IS SO ORDERED.

August 31, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge